IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**MICHAEL F. BRADLEY**, *et al.*,       :

    **Plaintiffs**,       :

vs.       : CIVIL ACTION NO. 13-00395-KD-B

**STATE OF ALABAMA**, *et al.*,       :

    **Defendants.**       :

## REPORT AND RECOMMENDATION

This action, which has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.2(c)(1),[1] is before the Court for review. Upon careful review, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted.

---

[1] Local Rule 72.2(c)(1) provides for the automatic referral of non-dispositive pretrial matters, such as Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 2), to the Magistrate Judges for hearing and determination. By filing this motion, Plaintiff subjects his complaint to the screening provisions of 28 U.S.C. § 1915(e)(2)(B), which mandates the dismissal of a complaint if the Court determines a complaint is frivolous or malicious, fails to state a claim upon which relief can be granted, or sues for money damages a person who is immune. See Anderson v. Davis, 2010 U.S. Dist. LEXIS 71148, *1, 2010 WL 2813802, *1 (S.D. Ala. 2010) (unpublished); Poole v. Wal-Mart, 2007 WL 2460755, *1 n.1 (S.D. Ala. 2007) (unpublished).

I. <u>Background Facts and Proceedings</u>

Plaintiff, Michael Bradley, who is proceeding *pro se*, filed a complaint and a motion to proceed without prepayment of fees on August 2, 2013. (Docs. 1, 2). In an Order dated August 5, 2013, the undersigned observed that Plaintiff's complaint was deficient because it contained no information or facts regarding the basis for Plaintiff's claim; it failed to provide the Court or Defendants with fair notice of the grounds upon which Plaintiff's claim was based; it did not plead a cognizable claim; and it did not comply with Rule 8(a) of the <u>Federal Rules of Civil Procedure</u>. (Doc. 3). Indeed, a review of Plaintiff's one-sentence complaint revealed that it consisted of nothing more than the parties' names and the single assertion that Defendants "illegally seized '[a]ll real property situate, lying and being in the county of Mobile, State of Alabama, described as follows, to-wit; Lot 24, Woodbridge, Unit Three, as recorded in map Book 52, Page 73 in the Office of the Judge of Probate, Mobile County, Alabama' per Mobile County Alabama, Office of the Judge of Probate court records of deeds." (Doc. 1).

Therefore, the Court directed Plaintiff to file, by August 30, 2013, an amended complaint that provides facts regarding his claim(s) and the grounds upon which his amended complaint was based. (Doc. 3). Plaintiff was instructed that his amended complaint must contain "a short and plain statement of the

grounds for the court's jurisdiction," as required by Fed. R. Civ. P. 8(a)(1). In addition, Plaintiff was cautioned that he must comply with the Court's directives to correct the noted deficiencies or else his action would be dismissed without prejudice for failure to prosecute and to obey the Court's Order. (Id.).

On August 12, 2013, Plaintiff filed two motions, one of which was entitled "Motion to Restore Title to Plaintiff Per Law." The second motion was entitled "Motion to Compensate Plaintiffs Per Law." (Docs. 4, 5). The Court construes these motions together as Plaintiff's amended complaint.

Having reviewed Plaintiff's amended complaint (id.), the Court observes that it is identical to his original one-sentence complaint, except that it adds an additional Plaintiff, and it identifies the property at issue by a mailing address, as opposed to a plat description. Because Plaintiff was afforded ample opportunity to correct the pleading deficiencies in his original complaint but failed to do so, his amended complaint is due to be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

II. Discussion

Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing his amended complaint (Docs. 4, 5) under 28 U.S.C.

3

§ 1915(e)(2)(B).[2]  For proceedings *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  Dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as a dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).  Dismissal for failure to state a claim is appropriate if the facts as pleaded fail to state a claim for relief that is "plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (involving Fed. R. Civ. P. 12(b)(6) dismissal).  A "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a less stringent standard than those of an attorney.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, a court does not have

---

[2] The frivolity and failure-to-state-a-claim analysis contained in Neitzke v. Williams, 490 U.S. 319 (1989), was unaltered when Congress enacted 28 U.S.C. § 1915(e)(2)(B) in 1996.  Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001).  However, dismissal is now mandatory under § 1915(e)(2)(B).  Id. at 1348.

"license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by* Ashcroft v. Iqbal, 556 U.S. 662 (2009); see Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010) (observing Iqbal's overruling of GJR Investments' heightened pleading standard). Furthermore, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

As noted *supra*, Plaintiff was advised that his original one-sentence complaint was deficient because it contained no information or facts regarding the basis for his claims; thus, it did not comply with Rule 8(a) of the Federal Rules of Civil Procedure. (Doc. 3). Plaintiff was given an opportunity to correct the deficiency and was specifically instructed to provide additional facts in his amended complaint regarding the basis for his claims. Notwithstanding the Court's instructions, Plaintiff merely repeated, in two separate filings (Docs. 4, 5), the *single sentence* asserted in his original complaint, which the Court had expressly warned him was insufficient to state a claim for relief. Plaintiff's amended complaint, like his original complaint, does not contain "'a short and plain

statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993) (citations omitted). Accordingly, Plaintiff's amended complaint fails to meet the low pleading standard required by Rule 8(a) of the Federal Rules of Civil Procedure and is due to be dismissed for failure to state a claim upon which relief can be granted. Because Plaintiff has been afforded an opportunity to correct his pleading deficiency, but has failed to do so, the undersigned recommends that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

III. Conclusion

For the reasons set forth herein, the undersigned recommends that this action be dismissed pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted. If Plaintiff elects to file an objection to this Report and Recommendation, he should draft and file an objection that sets forth his challenges to the factual findings and/or legal conclusions of the undersigned.

**Notice of Right to File Objections**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who

objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this the **9th** day of **October, 2013.**

                                          **/s/ SONJA F. BIVINS**
                                  **UNITED STATES MAGISTRATE JUDGE**